**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff/Respondent** | ) | |
| | ) | **Case No. 11-40057-01-JAR** |
| v. | ) | **Case No. 14-4077-JAR** |
| | ) | |
| MARCOS FIDEL MOJICA-CRUZ, | ) | |
| | ) | |
| **Defendant/Petitioner.** | ) | |
| | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Petitioner Marcos Fidel Mojica-Cruz's Motion under

28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc.

263).  In his motion, Petitioner raises an ineffective assistance of counsel claim and three claims

complaining of the legality of his arrest.  The Government has responded (Doc. 268).  After a

careful review of the record and the arguments presented, the Court denies Petitioner's motion

without further evidentiary hearing.

**I.      Legal Standards**

       **A.      General**

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Courts:

> The judge who receives the motion must promptly examine it.  If it
> plainly appears from the motion, any attached exhibits, and the
> record of prior proceedings that the moving party is not entitled to
> relief, the judge must dismiss the motion. . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[1]  Petitioner must allege facts which, if proven, would warrant relief from his conviction or sentence.[2]  An evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

A district court may grant relief under § 2255 if it determines "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[4] "Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not."[5]  A movant may overcome this procedural bar by

---

[1] 28 U.S.C. § 2255(b).

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996).

[3] *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Hatch*, 58 F.3d at 1471 ("the allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments).

[4] 28 U.S.C. § 2255.

[5] *United States v. Magleby,* 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied,* 547 U.S. 1097 (2006).

showing either of "two well recognized exceptions."[6] First, the movant must show good cause

for not raising the issue earlier and actual prejudice to the movant's defense if the issue is not

considered.[7] Cause may "be established by showing that counsel rendered constitutionally

ineffective assistance."[8] Second, the "failure to consider the federal claims will result in a

fundamental miscarriage of justice."[9]

### B.      Ineffective Assistance of Counsel

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall

enjoy the right . . . to have the Assistance of Counsel for his defence."[10] A successful claim of

ineffective assistance of counsel must meet the two-pronged test set forth in *Strickland v.*

*Washington*.[11] First, a defendant must show that his counsel's performance was deficient in that

it "fell below an objective standard of reasonableness."[12] To meet this first prong, a defendant

must demonstrate that the omissions of his counsel fell "outside the wide range of professionally

competent assistance."[13] This standard is "highly demanding."[14] Strategic or tactical decisions

---

[6]*United States v. Cervini,* 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied,* 544 U.S. 904 (2005).

[7]*Id.*

[8]*United States v. Wiseman,* 297 F.3d 975, 979 (10th Cir. 2002) (citations omitted).

[9]*Cervini,* 379 F.3d at 990 (quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)); *see Bousley v. United States,* 523 U.S. 614, 621–22 (1998) (holding that a showing of actual innocence meets the fundamental miscarriage of justice prong).

[10]U.S. Const. amend. VI; *Kansas v. Ventris*, 556 U.S. 586 (2009).

[11]466 U.S. 668 (1984).

[12]*Id.* at 688.

[13]*Id.* at 690.

[14]*Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[15]  In all events, judicial scrutiny of the adequacy of attorney performance must be strongly deferential: "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[16]  Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error; "every effort should be made to 'eliminate the distorting effects of hindsight.'"[17]

Second, a defendant must also show that his counsel's deficient performance actually prejudiced his defense.[18]  To prevail on this prong, a defendant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different."[19]  A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome."[20]  This, in turn, requires the court to focus on "the question whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[21]  A defendant must demonstrate both *Strickland* prongs to establish a

---

[15]*Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotation and citations omitted).

[16]*Strickland*, 466 U.S. at 689.

[17]*Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

[18]*Strickland*, 466 U.S. at 687.

[19]*Id*. at 694.

[20]*Id*.

[21]*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[22]

Finally, Petitioner appears *pro se*.  Therefore, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[23]  If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[24]  However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[25]  For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[26]

## II.   Procedural Background

The initial Indictment in this case was returned on July 27, 2011, charging Petitioner Marcos Fidel Mojica-Cruz and three others with one count of distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and one count of conspiracy to commit the substantive charge.[27]  A First Superseding Indictment was filed on August 24, 2011.[28]  Counts One and Two were the same charges contained in the original

---

[22]*Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000) (quoting *Strickland*, 466 U.S. at 697) ("The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'"); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

[23]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[24]*Id.*

[25]*Id.*

[26]*See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[27]Doc. 1.

[28]Doc. 22.

Indictment, excepting one previously named co-conspirator, a minor.  Count Three alleged that

Petitioner, alone, did knowingly and without lawful authority produce an identification

document, authentication feature, or a false identification document.  Count Four alleged that

Petitioner, alone, an alien, was found in the United States after having been removed and

deported previously and not having obtained the express consent of the Secretary of Homeland

Security to reapply for admission to the United States.

On January 9, 2012 the Government filed its Information to establish prior conviction in

this matter pursuant to 21 U.S.C. § 851.[29]  Due to his prior felony drug conviction, if convicted

of Counts One or Two, Petitioner faced enhanced mandatory minimum sentencing.

On June 28, 2012, Petitioner's co-conspirator, Alfredo Burgoin, entered his guilty plea to

Count One of the Superseding Indictment, agreeing *inter alia* to provide complete and truthful

information and testimony against Petitioner.[30]  On July 11, 2012, Petitioner's co-conspirator,

Juan Angel-Cruz, entered his guilty plea to Count One of the Superseding Indictment, agreeing

*inter alia* to provide complete and truthful information and testimony against Petitioner.[31]

On August 6, 2012, Petitioner entered a guilty plea to Count One of the Superseding

Indictment charging him with conspiracy to possess with intent to distribute methamphetamine,

in violation of 21 U.S.C. §§ 846(b)(1)(A).[32]  In the plea petition, plea agreement, and under oath

at his change of plea hearing, Petitioner swore that he fully read and fully understood the plea

---

[29]Doc. 89.

[30]Doc. 138.

[31]Doc. 145.

[32]Doc. 151.

agreement in its entirety and was prepared to face the consequences of his guilty plea.  Petitioner

swore that he "had sufficient time to discuss this case, the evidence, and this agreement with

[his] attorney and [he was] fully satisfied with the advice and representation provided by [his]

counsel."[33]  Petitioner acknowledged that he entered into the agreement and pled guilty because

he was guilty and was doing so freely and voluntarily.  Petitioner swore that he had "read,

understood, and discussed with [his] attorney, each and every part of [the] Petition to Plead

Guilty, and that the answers which appear[ed] in every part of [the] petition [were] true and

correct."[34]

In the plea agreement, Petitioner waived his right to appeal or to challenge his sentence

through collateral attack:

> The defendant knowingly and voluntarily waives any right to
> appeal or collaterally attack any matter in connection with this
> prosecution, the defendant's conviction, or the components of the
> sentences to be imposed herein including the length and conditions
> of supervised release. . . .  The defendant also waives any right to
> challenge a sentence or otherwise attempt to modify or change his
> sentence or manner in which it was determined in any collateral
> attack, including, but not limited to, a motion brought under Title
> 28, U.S.C. § 2255 [except as limited by *United States v.*
> *Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion
> brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought
> under Fed. Rule of Civ. Pro 60(b).[35]

Petitioner acknowledged that his conviction on this charge could subject him to a

sentence of not less than twenty years nor more than life imprisonment, and at least ten years

---

[33]Doc. 152, Plea Agrmt., ¶ 19.

[34]Doc. 152, Plea Pet., ¶ 25.

[35]Doc. 152 (parenthetical in original).

supervised release in addition to any term of imprisonment ordered by the Court.[36]  After engaging in a Rule 11 plea colloquy with Petitioner during the change of plea hearing, the Court accepted his guilty plea.

On August 19, 2013, the Court sentenced Petitioner to serve 112 months' custody on this charge.[37]  The Indictment and Counts Two, Three, and Four of the Superseding Indictment were dismissed on the motion of the United States.[38]

Petitioner did not directly appeal either his conviction or sentence to the United States Court of Appeals for the Tenth Circuit.  On August 15, 2014, he timely filed the pending motion under 28 U.S.C. § 2255.[39]

## III.    Discussion

Petitioner asserts four grounds for relief: (1) the government did not have an order to search his house; (2) he was coerced by the informant into completing the actions he was charged for; (3) he was arrested without a warrant; and (4) counsel was ineffective by failing to properly advise him regarding the plea agreement and by advising against exercising his right to allocution.  The Court discusses each claim in turn.

### A.    Claims Subject to Waiver

Three of the four grounds Petitioner asserts pertain to the legality of his arrest and the

---

[36]Doc. 152, Plea Pet.,¶ 10 .

[37]Doc. 256.

[38]*Id.*

[39]Doc. 263.

search of his house.  The Government argues that because Petitioner does not frame these grounds as a claim of ineffective assistance of counsel, they are barred by the collateral-attack waiver in his plea agreement.  Alternatively, the Government contends that these grounds are procedurally barred.

The Court will hold a defendant and the government to the terms of a lawful plea agreement.[40]  A knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable.[41]  The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived the rights, and (3) whether enforcing the waiver would result in a miscarriage of justice.[42]

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement.[43]  The court strictly construes the waiver and resolves any ambiguities in favor of the defendant.[44]  In the plea agreement, Petitioner "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with this prosecution, the [Petitioner's] conviction, or the components of the sentence

---

[40]*United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004) (citing *Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003)).

[41]*United States v. Cockerham*, 237 F.3d 1179, 1181, 1187 (10th Cir. 2001) ("[I]t is consistent with Supreme Court precedent to enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver.").

[42]*See United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (citing *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam)).

[43]*United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328.

[44]*Hahn*, 359 F.3d at 1343.

. . . ."[45]  Petitioner clearly waived the right to challenge any matter in connection with the prosecution or his conviction.  The Court finds that his claims pertaining to his arrest and the search of his house fall within the scope of his waiver.  In addition, the second prong of the analysis is met because the evidence in the record, both in the Rule 11 colloquy and the plea agreement, is sufficient to show that Petitioner knowingly and voluntarily waived his rights to appeal or to collaterally attack his sentence.[46]

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.[47]  Of these factors, Petitioner contends only that he received ineffective assistance of counsel.  The Court addresses that claim separately below.  Because all factors of the three-pronged analysis are met, the waiver is enforceable for all other claims.

Even if the Court found that Petitioner's plea agreement was not enforceable, the three claims at issue are procedurally barred claims that are not cognizable in this § 2255 action. Because "a § 2255 motion is not intended as a substitute for an appeal . . . failure to raise an

---

[45]Doc. 152, Plea Agrmt., ¶ 13.

[46]*See Hahn*, 359 F.3d at 1325 (holding that in assessing the voluntariness of a defendant's waiver, the court looks to whether the language of the plea agreement states that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy).

[47]*Id*. at 1327.

issue either at trial or on direct appeal imposes a procedural bar to habeas review."[48]  As previously stated, a defendant may overcome this procedural bar by either showing good cause for not raising the issue earlier and actual prejudice to his defense if the issue is not considered, or that failure to consider the claims will result in a fundamental miscarriage of justice.[49]  To establish cause, a defendant must show some external objective factor prevented him from raising the issue on direct appeal.[50]  To obtain review of defaulted claims under the fundamental miscarriage of justice exception, the defendant must show actual innocence.[51]

Petitioner has not met either of the two exceptions.  He has not identified any external objective factor that could constitute cause for failing to bring his argument on direct appeal.  He does not claim that he did not have a full and fair opportunity to litigate his claims before the district court.  Nor does he claim actual innocence.  The Court finds that Grounds Two, Three, and Four are procedurally barred.

### B.    Ineffective Assistance of Counsel

Ground One is the only claim in which Petitioner alleges ineffective assistance of counsel.  Petitioner alleges counsel

> told me to sing as a guilty because there was not any type of magic
> or power to appeal my case, Also she broughtme the law 851 that

---

[48]*United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied*, 544 U.S. 904, 125 (2005) (quoting *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002)) (internal quotation marks omitted).

[49]*See Cervini*, 379 F.3d at 990 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

[50]*United States v. Torres-Laranega*, 473 F. App'x 839, 842 (10th Cir. 2012) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

[51]*Id.*

11

> the prosecutor gave me versus me.  After I sign as guilty my
> lawyer told me that I do not qualify for any law. That help me or I
> am not able to appeal because I signed as a guilty of what I am
> acussed.  After I signed she told me that I lost of my right to talk to
> the judge and whenever the judge says if I want to said anything
> make sure I don't saynothing because it goin to make it worse.[52]

Though difficult to analyze, the Court liberally construes Petitioner's claim as alleging ineffective assistance of counsel due to counsel's failure to properly advise him regarding the plea agreement, and denial of his right of allocution.

The Court finds that both parts of Petitioner's claim fail under *Strickland's* prejudice prong.[53]  As previously stated, under the second prong of the *Strickland* test a defendant must show that his counsel's allegedly deficient performance actually prejudiced his defense.[54]  "If petitioner pled guilty, a showing of prejudice requires petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial."[55]

The Court looks to the factual circumstances surrounding the plea to determine whether Petitioner would have proceeded to trial.[56]  The Court notes the considerable evidence supporting

---

[52]Doc. 263 (no alterations added).

[53]*See Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

[54]*Id.* at 689.

[55]*Carabajal v. Lemaster*, 52 F. App'x 473, 474 (10th Cir. 2002) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)) (internal quotations omitted). *See also Strickland*, 466 U.S. at 694 (stating that a defendant "must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different.").

[56]*Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (citing *United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993); *United States v. Wright*, 43 F.3d 491, 498 (10th Cir. 1994); *Lasiter v. Thomas*, 89 F.3d 699, 703-04 (10th Cir. 1996)).

the conclusion that Petitioner was well informed about the plea.  Petitioner repeatedly stated under oath, both in written form and orally during the court's Rule 11 colloquy, that he understood the implications of pleading guilty, that he committed the crime charged, that he offered his plea of guilty freely and voluntarily, and that he was satisfied with counsel's representation.  The Court also considers the strength of the Government's case against Petitioner as evidence of whether he would have changed his plea.[57]  Here, the Government's case against Petitioner was strong.  Before Petitioner entered his guilty plea, both co-conspirators entered guilty pleas and agreed to provide testimony against Petitioner.  Defendant presented no convincing reasons for the co-conspirators to fabricate accusations against him.  Additionally, the plea provided substantial benefits to Petitioner.  In exchange for his plea, the Government agreed not to bring additional felony charges against him and to dismiss the remaining charge in the Superseding Indictment, and the original Indictment in its entirety.  With the plea agreement Petitioner's sentence exposure was significantly less.[58]  The Court concludes that Petitioner has not met his burden with respect to his claim to show the existence of a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial.

Petitioner next alleges that he was denied his right to allocution.[59]  However, the Court

---

[57] *Miller*, 262 F.3d at 1069 ("[T]he strength of the government's case against the defendant should be considered in evaluating whether the defendant really would have gone to trial if he had received adequate advice from his counsel.").

[58] *See Garcia v. Bravo*, 181 F. App'x 725, 730 (10th Cir. 2006) (holding that the defendant was not prejudiced by counsel's advice when the strength of the state's case against defendant was strong and the plea provided him a benefit).

[59] *See United States v. Forsythe*, 985 F. Supp. 1047, 1054 (D. Kan. 1997) ("The denial of allocution by the court is not a constitutional or jurisdiction error which may be raised in a § 2255 motion." (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

offered Petitioner the opportunity to allocute at the sentencing hearing in compliance with Federal Rule of Criminal Procedure 32(i)(4)(A)(ii).[60]  Before imposing sentence, the Court told Petitioner, "Mr. Mojica, if you would like to address me directly in your own behalf, you can do so."[61]  Petitioner responded, "I just want to tell Your Honor that I really feel bad for what I did, that I'm not going to do it again, and thank you very much."[62]  Even if Petitioner's counsel advised against exercising his right to allocution, he did not suffer prejudice because of this advice.  Petitioner did allocute.  The Court is unaware of any argument Petitioner could have made during allocution that would have altered his sentence, and thus finds that Petitioner has not demonstrated that he suffered prejudice because of counsel's advice.

Accordingly, Petitioner fails to demonstrate that counsel was ineffective, and his claim is denied.

## IV.  Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[63]  A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional

---

[60]Fed. R. Crim. P. 32(i)(4)(A)(ii).

[61]Doc. 265, Sent. Hrg. Tr. at 15.

[62]Id. at 15–16.

[63]28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

claims debatable or wrong."[64]   A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[65]   "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims.  In fact, the statute forbids it."[66]   For the reasons detailed in this Memorandum and Order, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling on his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Marcos Fidel Mojica-Cruz's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 263) is DENIED; Petitioner is also denied a COA.

**IT IS SO ORDERED.**

Dated: July 24, 2015

           S/ Julie A. Robinson            
           JULIE A. ROBINSON
           UNITED STATES DISTRICT JUDGE

---

[64]*Said v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Lennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[65]*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[66]*Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).